COLUMBIA WAGON CO. v. EAGLE WAGON WORKS.†

(Circuit Court of Appeals, Third Circuit. November 28, 1910.)

No. 1,419.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DUMP WAGON.
 The Van Wagenen patent, No. 699,262, for a dump wagon, was not anticipated, and covers an improvement on prior devices of such merit and usefulness as to evidence patentable invention; also *held* infringed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Suit in equity by the Eagle Wagon Works against the Columbia Wagon Company. Decree for complainant (181 Fed. 148), and defendant appeals. Affirmed.

Hector T. Fenton, for appellant.

Arthur E. Parsons, William F. Hall, and Frederic G. Bodell, for appellee.

Before BUFFINGTON and LANNING, Circuit Judges, and CROSS, District Judge.

LANNING, Circuit Judge. Admittedly the patent in suit describes a very useful device. It is the Van Wagenen patent, No. 699,262, for new and useful improvements in dumping wagons. The material question is: Does it disclose any patentable novelty over the prior Lawrence patent, No. 645,816, for a dumping car?

The elements of the combination in claim 4 of the patent in suit, which is the only claim in controversy, are (1) movable bottom sections hinged to the side walls of the wagon (which shows that the movable sections run longitudinally of the wagon); (2) a rotary drum at one end of the movable sections (which shows that the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
† Rehearing denied.

drum is either at the front or the rear of the wagon, and not on one of its sides); (3) a rocking member at the other end (which also shows that it is at one end of the wagon, and not on either of its sides); (4) a cable or chain connected to the drum, and also to the rocking member at opposite sides of the rocking member's pivot, the intermediate portion of the cable being connected to the bottom sections (which shows that the cable or chain runs longitudinally of the sections and the wagon body, and not transversely across them) ; and (5) means for rotating the drum. In the prior Lawrence patent the chain in claim 1 extends transversely across the dumping doors, and in each of its other claims transversely across the dumping doors and car body. It is plain, therefore, that the combination of the patent in suit is not the combination of the Lawrence patent.

But are the differences such as to involve invention in the patent in suit? We think they are. When the chain of the Lawrence dumping car is loosened, the doors drop and hang down transversely across the car body, and the contents of the car drop between the doors upon and below the cable or chain. When the chain of the Van Wagenen wagon is loosened, the doors drop and hang down longitudinally of the wagon body, and, as the chain is fastened to the doors, and swings with the doors out of the way of the falling contents of the wagon, the contents fall between the doors in such manner that the wagon may be moved on without disturbance of the unloaded contents by hanging doors or chain. In dumping wagons it is a great convenience to have the doors hinged to the side of the wagon body, and to have the chain out of the way of the falling contents. To have the doors so hinged that, when the chain is loosened, they hang transversely across the car body, with the chain directly in the pathway of the falling contents, as in the Lawrence patent, doubtless does well for a car unloading its contents on a trestle; but such a device for a dumping wagon is far inferior to the Van Wagenen device. We think the combination described in the Lawrence patent is not an anticipation of the Van Wagenen combination, and that the case is not one of double use.

As to the defense of noninfringement, it is sufficient to say that it is not relied on by the appellant. It is clear to us that, if the claim in controversy is valid, the defendant infringes it. We think it is valid.

Consequently the decree of the Circuit Court, entered in conformity with its opinion in 181 Fed. 148, is affirmed, with costs.